IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIA POWELL, as guardian *ad litem* and on behalf of her son D.P; TANYA REESE, as guardian *ad litem* and on behalf of her son M.R.; and TYWANNA PATRICK, as guardian *ad litem* and on behalf of her granddaughter J.C., as well as on behalf of a class of similarly situated children, <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF ILLINOIS; THE ILLINOIS DEPARTMENT OF STATE POLICE; BRUCE RAUNER, Governor of the State of Illinois; and LEO P. SCHMITZ, Director of the Illinois Department of State Police, <br><br> Defendants. | No. 18 C 06675 <br><br> Judge Gottschall |

**PLAINTIFF'S AGREED MOTION TO APPOINT GUARDIANS AD LITEM TO PROSECUTE THIS CASE ON BEHALF OF THE MINOR PLAINTIFFS UNDER FED. RULE OF CIVIL PROCEDURE 17(c)(2)**

Demetria Powell, Tanya Reese and Tywanna Patrick seek permission to bring this case on behalf of their minor children or grandchild as guardians ad litem under Fed. Rule of Civ. Proc. 17(c)(2). In support of this motion, these individuals state as follows:

1. This action is brought by three minor, African-American children in Chicago who have been traumatized and disabled by their exposure to gun violence. They bring claims under the Americans with Disabilities Act ("ADA") and the Illinois Civil Rights Act. They seek to represent a class of all other Chicago, African-American children who have been traumatized and

1

disabled by their exposure to gun violence.

2. In Illinois, a minor child cannot bring suit in his or her own name. *Tuttle v Illinois Department of Children and Family Services, 1993 U.S. App. LEXIS 24862 (7th Cir. 1993).* Capacity to sue as a minor in federal court is determined by the law of the child's domicile. *Id.*

3. Demetria Powell is the mother of her eight year-old son, D.P. Tanya Reece is the mother of her sixteen year-old son M. R.. Tywanna Patrick is the grandmother of her eleven year-old granddaughter J.C. These adults are represented by counsel and have no conflict of interest with their children or grandchild. They seek to bring this case because their minor children or minor grandchild cannot do so, and therefore seek appointment as guardians ad litem under Fed. Rule of Civil Procedure 17(c)(2).

4. The Rule provides that a person may sue for a minor as "next friend" or as "guardian ad litem". Our Court of Appeals has found that these terms are "essentially interchangeable", *T.W. and M.W., minors by their next friend Scott Enk v Brophy, 124 F.3d 893, 895 (7th Cir. 1997)*. Ordinarily, a next friend or guardian is a parent or other relative of the child. *Id., at 896.* A parent or grandparent may sue on behalf of their minor child or grandchild, provided they have counsel and have no interests that conflict with that of the minors. *Tuttle v Illinois Department of Children and Family Services, 1993 U.S. App. LEXIS 24862 (7th Cir. 1993), at p. 3.* Here, these requirements are satisfied and the Court should therefore appoint these individuals as guardians ad litem to prosecute this case on behalf of their children or grandchild.

5. Counsel for the plaintiffs has conferred with counsel for the defendants about this motion and the defendants have no objection to the Court granting the motion.

/s/ Thomas E. Johnson
One of the Attorneys for Plaintiffs

THOMAS GEOGHEGAN
MICHAEL P. PERSOON
MICHAEL SCHORSCH
Despres, Schwartz & Geoghegan
77 W. Washington Street, Suite 711
Chicago, IL 60602
(312) 372-2511

THOMAS E. JOHNSON
Johnson, Jones, Snelling, Gilbert & Davis
36 S. Wabash Ave., Suite 1310
Chicago, IL 60603
(312) 578-8100

Attorneys for the Plaintiffs