# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **DEMETRIA POWELL**, as guardian *ad litem* and on behalf of her son D.P; **TANYA REESE**, as guardian *ad litem* and on behalf of her son M.R.; and **TYWANNA PATRICK**, as guardian *ad litem* and on behalf of her granddaughter J.C., as well as on behalf of a class of similarly situated children, | Case No. 18 CV 6675 <br><br> Judge Joan B. Gottschall |
| Plaintiffs, | |
| v. | |
| **THE STATE OF ILLINOIS; THE ILLINOIS DEPARTMENT OF STATE POLICE; BRUCE RAUNER**, Governor of the State of Illinois; and **LEO P. SCHMITZ**, Director of the Illinois Department of State Police, | |
| Defendants. | |

## ORDER

On October 3, 2019, three plaintiffs filed a three-count complaint on behalf of minor children exposed to gun violence in the City of Chicago. Their claims arise under Title II of the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12131 et seq., and the Illinois Civil Rights Act, 740 ILCS 23/5. Named as defendants are the State of Illinois, the Illinois Department of State Police ("State Police"), the Illinois governor, and the Director of the State Police; state officials are sued in their official capacity. Compl. ¶¶ 10–13, ECF No. 1. Defendants moved to dismiss the complaint, and this court granted the motion in part and denied it in part by memorandum opinion and order dated September 30, 2019, ("September 30th

order"), ECF No. 37. The court dismissed two of the three plaintiffs for lack of standing.[1] Defendants have filed a motion for partial reconsideration arguing that this case should be dismissed as moot.

The September 30th opinion described the complaint's allegations in detail. *See* slip op. at 2–9. As relevant to the present motion, the complaint seeks declaratory and injunctive relief. Plaintiffs want the court to compel defendants to use their regulatory powers granted by the Illinois Firearms Owners' Identification Card Act ("FOID Act"), 430 ILCS 65/0.01 et seq., "to enact regulations that would [allegedly] substantially decrease the rate of gun violence in Chicago's predominately African-American neighborhoods." Slip op. at 8 (citing Compl. ¶¶ 23–28); *see also* slip op. at 8 n.3 (discussing certain provisions of the FOID Act). Paragraph 28 of the complaint lists twelve steps defendants could allegedly take to reduce the exposure of children in Chicago's predominately African-American neighborhoods to gun violence. *See* slip op. at 9 (providing examples of plaintiff's proposed regulations).

Defendants argue that a recently enacted Illinois law, construed in light of proposed regulations, has so altered the regulatory landscape that this case should be dismissed as moot. Mot. to Reconsider 8–14, ECF No. 39. Illinois's governor signed the newly enacted statute about two weeks before the defendants filed their motion to dismiss. *Compare* ECF No. 24 (filed Jan. 31, 2019)*, with* Combating Illegal Gun Trafficking Act ("Licensing Act"), Public Act 100-1178, codified at 430 ILCS 68/1 et seq. (Jan. 18, 2019).[2] Defendants also point to proposed regulations published for notice and comment on August 23, 2019. 43 Ill. Reg. 9087.

---

[1] Defendants have appealed the portion of the order denying their motion to dismiss under the Eleventh Amendment. Notice of Appeal 1, ECF No. 45. On November 5, 2019, this court denied defendant's motion to certify certain other issues for an interlocutory appeal. ECF No. 53 at 6.

[2] Available at http://www.ilga.gov/legislation/publicacts/fulltext.asp?Name=100-1178

Why the briefing on the motion to dismiss did not mention the passage of the Licensing Act has not been explained (plaintiff accuses defendants of using dilatory tactics). And after the motion to dismiss was fully briefed, defendants could have, but did not, bring the proposed regulations to this court's attention using an appropriate notice or motion. Defendants' silence during the original briefing would ordinarily be a sufficient reason to deny their motion to reconsider. Motions to reconsider should not be used for "rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996)); *but see Division Six Sports, Inc. v. Finish Line, Inc.*, 928 F.3d 631, 636 (7th Cir. 2019) (discussing discretion under Fed. R. Civ. P. 59(e)).

Nevertheless, defendants' mootness argument must be addressed. Mootness is a jurisdictional issue, and the court must consider it before reaching the merits even if the parties do not raise it. *See, e.g.*, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013); *Germeraad v. Powers*, 826 F.3d 962, 967 (7th Cir. 2016); *Worldwide St. Preachers' Fellowship v. Peterson*, 388 F.3d 555, 558 (7th Cir. 2004). A case becomes moot "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Wright v. Calumet City*, 848 F.3d 814, 817 (7th Cir. 2017) (citing *Campbell–Ewald Co. v. Gomez*, 136 S. Ct. 663, 669 (2016)); *see also Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Hence an "entire claim is not mooted simply because the specific relief it sought has been rendered moot" so long as a favorable ruling would "affect [the party seeking the relief] in some way." *Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) (quoting *Cornucopia Inst. v. U.S. Dep't of Agric.*, 560 F.3d 673, 676 (7th Cir. 2009)).

The actions that allegedly mooted this case—passage of the Licensing Act and proposing regulations—properly are attributable to defendants' voluntary actions after the filing of the complaint. The voluntary cessation doctrine therefore applies: "The voluntary cessation of challenged conduct does not ordinarily render a case moot because a dismissal for mootness would permit a resumption of the challenged conduct as soon as the case is dismissed." *Knox v. S.E.I.U. Local No. 1000*, 567 U.S. 298, 307 (2013) (citing *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1998)). So if, as is the case here, a defendant voluntarily stops the challenged conduct, it must be "absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Trinity Lutheran Church of Columbia, Inc. v. Comer*, 137 S. Ct. 2012, 2028 n.1 (2017) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)) (alterations in original). Defendants here have not carried their "heavy burden" to show that the challenged conduct cannot be reasonably expected to recur. *Id.* (requiring state actor to make this showing).

The mootness argument here hinges on the interplay between the Licensing Act and the proposed regulations. In their brief, defendants pair each specific request for injunctive relief in the complaint (¶ 28) with a provision of the Licensing Act. Defendants contend that each request for injunctive relief will be satisfied once the regulations are passed. *See* Mot. to Reconsider 11–16.

Defendants identify no case holding that a proposed regulation automatically results in mootness. As defendants acknowledge, the law is to the contrary. Proposing a regulation during litigation does not necessarily moot a challenge to a policy or practice affected by the regulation. *See Smith v. Exec. Dir. of Ind. War Mel's. Comm'n,* 742 F.3d 282, 287–88 (7th Cir. 2014) and cases cited therein. Defendants rely on cases in which government actors made final,

binding regulatory changes providing the plaintiff with complete relief. *See, e.g., Burbank v. Twomey,* 520 F.2d 744, 747 (7th Cir. 1975) (prison adopted new regulation; court emphasized that "the change in policy in the present case has been codified into a formal, published administrative regulation of the Illinois Department of Corrections"); *Sannon v. United States*, 631 F.2d 1247, 1250–51 (5th Cir. 1980) (newly effective immigration regulation mooted asylum applicants' suit by giving the plaintiffs a right to the hearings they were seeking); *Moustakas v. Margolis,* 154 F. Supp. 3d 719, 727 (N.D. Ill. 2016) (adoption of new rules mooted procedural due process challenge to prior rules).

By way of contrast here, the proposed regulations defendants cite do not yet bind the State of Illinois, state agencies, or anyone else. The proposed regulations may not be adopted at all, or if they are, they may be substantially modified. As defendants acknowledge, Mot. to Reconsider 7 n.1, proposed regulations must run the gauntlet of a multi-step notice and comment process, public hearings, and review by a legislative committee.[3] *See* 5 ILCS 100, §§ 5-35, 5-40 (West 2019); *Tyson Foods, Inc. v. Dep't of Revenue*, 726 N.E.2d 12, 22 (Ill. App. Ct. 1st Dist. 1999) (holding that proposed regulations were "without authoritative effect") (citing *In re Estate of Miller*, 595 N.E.2d 630 (Ill. App. Ct. 5th Dist. 1992)).

The Seventh Circuit's decision in *Gomez v. Illinois State Board of Education*, 811 F.2d 1030 (7th Cir. 1987), a challenge to the sufficiency of Illinois's education regulations, makes the point. In *Gomez*, as here, the defendants contended that newly enacted statutory changes and proposed regulations mooted the case; indeed, the proposed regulations would have replaced the

---

[3] In their motion to reconsider, defendants represented that public hearings were scheduled for October 24, 2019. ECF No. 39 at 7.

ones the plaintiffs challenged. *See id.* at 1044. The Seventh Circuit rejected the challenge in language that applies equally well to the case at hand:

> [A]t the time of our decision, these remain only proposed regulations. We do not understand then the defendants' argument that this administrative proposal . . . provides the plaintiffs with the relief they seek. Not only have the proposed regulations not been adopted, but they have never been tested in practice. The defendants could issue administrative pronouncements that, although (in the district court's words) "detailed," have no practical value whatsoever. That the defendants have reconsidered the regulations about which the plaintiffs complain does not mean that the defendants have eliminated the alleged deficiencies . . . . On remand, the district court will, of course, consider any new provisions the defendants may promulgate. In any event, a decision from us on this record about the proposed regulations would be premature.

*Id.*; *see also Berron v. Ill. Concealed Carry Licensing Review Bd.,* 825 F.3d 843, 846–47 (7th Cir. 2016). *Gomez* controls here, and this case is not moot. The court therefore goes no further.

Plaintiff argues that even if the regulations are adopted in their proposed form, they would be inadequate to provide all of the relief they seek. *See* Resp. to Mot. to Reconsider 9-13, ECF No. 51. In particular, defendants have, according to plaintiff, not provided an effective plan for recovering a FOID card holder's guns after the card is revoked. Whether plaintiff is correct presents a merits question, and *Gomez* teaches that reaching it would be premature where the regulatory scheme remains in ferment. *See also Chafin*, 568 U.S. at 174 (distinguishing mootness from the merits and stating that the plaintiff's "prospects of success are . . . not pertinent to the mootness inquiry").

Remaining is defendants' alternative argument that plaintiff should be required to amend the complaint to plead a challenge to the Licensing Act and perhaps the proposed regulations. Mot. to Reconsider ¶¶ 20, 30. The court rejects this request as unsupported by binding authority and of little practical value. Defendants rely on the reasoning of mootness cases rather than

6

cases about amending pleadings, specifically Justice O'Connor's dissent in *Northeastern Florida Chapter of Assoc. Gen. Contractors of Am. v. City of Jacksonville*, 508 U.S. 656, 671 (1993), and *Smith*, *supra*. *See id.* Defendants' reliance on *Smith* is puzzling, for the *Smith* court held that a change to a city ordinance did not moot the plaintiff's First Amendment challenge. 742 F.3d at 287–88. This court has no quarrel with the general proposition that when a challenged policy changes mid-lawsuit, the mootness inquiry "ultimately calls for a judgment about whether the changes are so substantial as to make it unwise for the . . . court to consider the new policy." *Id.* at 288. But the court sees nothing to be gained in repleading the complaint and the possibility of another round of motion practice concerning an amended complaint. The briefing on the instant motion to reconsider has adequately aired plaintiff's concerns about the newly enacted statute, and defendants appear to understand plaintiff's position well. *See* Resp. to Mot. to Reconsider 9–13. Re-pleading would, in the court's view, most likely delay the case to no useful purpose.[4]

    Defendant's motion for reconsideration is denied.

Date: December 18, 2019                                        /s/
                                                                   Joan B. Gottschall
                                                                   United States District Judge