**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIA  POWELL, as guardian *ad litem*<br>on behalf of her son D.P;<br>on behalf of a class of similarly situated<br>children,<br><br><br>   Plaintiff,<br><br>     v.<br><br>THE STATE OF ILLINOIS; THE ILLINOIS<br>DEPARTMENT OF STATE POLICE; J.B.<br>PRITZKER, Governor of the State of Illinois; and<br>BRENDAN KELLY, Director of the Illinois<br>Department of State Police,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.18-cv-6675<br><br><br><br>Hon. Judge Joan B.<br>Gottschall |

## PLAINTIFF DEMETRIA POWELL'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND ADD PARTIES

Plaintiff Demetria Powell, by her undersigned counsel and pursuant to Rule 15(a)(2), F.R.Civ. P., seeks leave to file a first amended complaint attached hereto as Exhibit A. Plaintiff further states:

1.　　The first amended complaint attached as Exhibit A would make three changes.

2.　　It would add a second plaintiff, D.W., and his mother Shanice Mathews as his guardian *ad litem*.

3.　　In place of Title II of the Americans with Disabilities Act (ADA), 42 U.S.C § 12132, the first amended complaint would substitute Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 as the basis of federal claim of disability-related discrimination.

1

4.      Both Title II of the ADA and Section 504 encompass the same causes of action for discrimination against disabled persons.  Under Section 504, however, there is no defense of sovereign immunity under the Eleventh Amendment. *Stanley v. Litscher,* 213 F.3d 340, 344 (7th Cir. 2000).  This would moot the interlocutory appeal currently pending in the U.S. Court of Appeals in19-3144.

5.      Finally, the first amended complaint would take account of the Firearm Dealer License Certification Act, which was enacted in 2019 after this action was filed. As set out in exhibit A, the State defendants have failed to use their authority under this new law to stop straw sales and illegal gun racketeering.

6.      The State defendants have no objection to the filing of this first amended complaint, although they of course reserve their defenses to it.  In addition, the State defendants request that this Court schedule a status hearing in which the parties can report on the current state of their settlement discussions and a schedule can be set for responding to the first amended complaint.

7.      In further support of this motion, plaintiff has filed a memorandum of law.

Dated: July 27, 2021                         Respectfully submitted,

                                             s/Thomas H. Geoghegan

                                             Thomas H. Geoghegan
                                             Michael P. Persoon
                                             Willem W. Bloom
                                             **Despres, Schwartz & Geoghegan, Ltd.**
                                             77 W Washington St., Ste. 711
                                             Chicago IL 60602
                                             Dsgchicago77@gmail.com


                                             Jonathan Lowy
                                             Christa Nicols

Kelly Sampson
**Brady Center to Prevent Gun Violence**
840 First Street NE, Suite 400
Washington, D.C. 20002
jlowy@bradyunited.org
cnicols@bradyunited.org
ksampson@bradyunited.org