**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DEMETRIA POWELL, as guardian *ad litem* and on behalf of her son D.P., et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | Case No. 18-cv-6675 |
| v. | ) ) | |
| The State of Illinois, et al., | ) ) | The Honorable Judge Joan B. Gottschall |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION TO ALLOW DISCOVERY**

Plaintiffs respectfully move for an order to allow discovery in this case to proceed, while the Defendants' motion to dismiss is pending. In support of this motion Plaintiffs state:

1.      This case was filed in 2018, and no discovery has been taken. While yet another motion to dismiss by defendants is now pending, this Court has previously denied a near identical motion to dismiss, raising standing and other issues. *Powell, et al., v. State of Illinois, et al.,* 2019 U.S. Dist. LEXIS 168209 (U.S. N.D. Ill. Sept. 30, 2019). DK 37. This Court also denied a motion to reconsider its ruling. DK 62. This Court also denied a motion by Defendants to certify its September 30, 2019, ruling for appeal. DK 53. Defendants have again raised all of these same threshold issues in yet another motion to dismiss, completely repetitious with respect to standing and other threshold issues. DK 116.

2.      Compared to other motions denied by this Court, the principal or sole difference does not relate to such threshold issues but challenges the sufficiency of a claim under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794. In the amended complaint, Plaintiffs have sued under Section 504 of the Rehabilitation Act of 1973 instead of Americans with Disabilities Act.

There is no significant difference between these two statutes, especially with respect to a claim that the State defendants have failed provide a reasonable accommodation. This is an evidentiary question. The current motion to dismiss count II, the claim under the Illinois Civil Rights Act of 2003, is also identical to previous motions.

3.      Plaintiffs are seeking to represent tens of thousands of children who are subject to gun violence. Fueled by illegal gun trafficking, it is a level of violence State defendants could but refuse to take action to reduce by use of its authority to regulate Illinois gun dealers. These plaintiffs and other children are suffering irreparable injury from a level of violence that can be attributed in significant part to such illegal gun trafficking. The Defendants are failing to use their statutory authority to reduce such violence, which traumatizes these children, and they are choosing practices that have the effect of racial discrimination. There is no reason to hold up the progress of such an important case while defendants try one more time with the same arguments to undo this Court's opinion of September 30, 2019.

4.      The parties have conferred in good faith to resolve the matter. Defendants do not consent to this motion or to opening discovery. Instead, Defendants have proposed that plaintiffs ask for specific documents and defendants will determine whether they wish to turn them over. This is not a workable procedure and is inconsistent with meaningful discovery.

WHEREFORE, Plaintiffs seek an order that discovery proceed.

Respectfully submitted,

Dated: March 10, 2022

By: /s/ *Thomas H. Geoghegan*
One of Plaintiffs' Attorneys

Jonathan Lowy
Christa Nicols
Kelly Sampson
**Brady Center to Prevent Gun Violence**
840 First Street, Suite 400
Washington, D.C. 20002
jlowy@bradyunited.org
cnicols@bradyunited.org
ksampson@bradyunited.org

Thomas H. Geoghegan
Michael P. Persoon
Willem Bloom
**Despres, Schwartz & Geoghegan, Ltd.**
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
admin@dsgchicago.com