IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIA POWELL, as guardian ad litem and on behalf of her son D.P., et al., | |
| Plaintiffs, | No. 18-cv-6675 |
| v. | Hon. Joan B. Gottschall |
| THE STATE OF ILLINOIS, et al., | |
| Defendants. | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION TO ALLOW DISCOVERY**

**Introduction**

Plaintiffs "motion to allow discovery" mischaracterizes defendants' position. Defendants are, in fact, open to proceeding with some targeted document discovery while their motion to dismiss is pending. But if plaintiffs wish to commence open-ended discovery, including costly and time-consuming ESI searches, even before this Court decides defendants' motion to dismiss, then their request should be denied. This is precisely the sort of case for which staged discovery is reasonable and appropriate. Plaintiffs have filed a putative class action on behalf of "tens of thousands" of children, in which they broadly challenge the Illinois State Police's response to gun violence in Illinois. Plaintiffs' claims are novel and untested, and defendants have filed a motion to dismiss, which is fully briefed and raises a threshold issue of standing. Plaintiffs responded to the motion without claiming any need for discovery. If the motion to dismiss is granted, it will dispose of the entire case. Under these circumstances, the Court should direct the parties to develop a proposed plan for targeted document discovery that can proceed without subjecting defendants to undue burden or cost.

**Argument**

Federal Rule of Civil Procedure 26 gives courts "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." See Fed. R. Civ. P. 26(c), (d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Stays of discovery pending a ruling on a motion to dismiss are "granted with substantial frequency." *Bilal v. Wolf*, No. 06 C 6978, U.S. Dist. LEXIS 41983, at *3-4 (N.D. Ill. Jun. 6, 2007). Stays are "often appropriate" where a motion to dismiss can resolve the entire case, where the defendant has raised an immunity defense, or where the issue presented by the motion is a threshold one, such as jurisdiction or standing. *Id.* at *4. In addition, courts often stay discovery in putative class actions or other complex litigation where discovery may be burdensome and expensive. *See, e.g.*, *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 U.S. Dist. LEXIS 41641, at *4 (N.D. Ill. Mar. 9, 2022) ("Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss.").

Here, the Court could certainly exercise its discretion to stay discovery entirely. This is a complex putative class action and defendants have filed a potentially dispositive motion to dismiss that raises a threshold standing issue. *See, e.g.*, *Sadler v. Retail Props. of Am.*, No. 12 C 5882, 2013 U.S. Dist. LEXIS 206557, at *8 (N.D. Ill. Sept. 27, 2013) (staying discovery where defendants filed motions to dismiss that were "potentially dispositive" and "not frivolous"); *In re Clearview Ai*, No. 21 C 135, 2021 U.S. Dist. LEXIS 238261, at *7 (N.D. Ill. Aug. 31, 2021) (staying discovery because defendant's motion to dismiss raised potentially dispositive standing argument); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 11 C 249, 2011 U.S. Dist. LEXIS 105056, at *8-9 (N.D. Ind. Sept. 15, 2011) (same).

But to the extent that the Court prefers that the parties start discovery, it should direct the parties to develop a plan for targeted document discovery. This is what occurred in *Coss v. Playtex Prods.*, LLC, No. 08 C 50222, 2009 U.S. Dist. LEXIS 42933 (N.D. Ill. May 21, 2009), where the court directed the parties to submit a proposed limited case management order after stating that "[e]xpensive and burdensome discovery will not be compelled by the court prior to the district court ruling on the motion to dismiss. But, in the interest of moving the case forward, some limited discovery may be appropriate." *Id.* at *13.

Plaintiffs mischaracterize defendants' position on discovery. Contrary to plaintiffs' assertion, defendants have not "proposed that plaintiffs ask for specific documents and defendants will determine whether they wish to turn them over." Dkt. No. 126 at ¶ 4. Rather, plaintiffs should identify the categories of documents that they are seeking to allow the parties to meet and confer to develop a proposed discovery plan that moves the case forward without imposing an undue burden or cost on defendants. In short, plaintiffs claim to be seeking "normal" discovery, including a wide range of ESI, while defendants maintain that if the Court opens discovery, it should be staged, starting with targeted (non-ESI) document discovery while defendants' motion to dismiss remains pending. *See* Exhibit A.[1]

In arguing that defendants' motion to dismiss does not warrant any limitation on the scope of discovery, plaintiffs assert that the motion is nearly "identical" to the motion that defendants filed in early 2019, which the Court denied. That is incorrect. As an initial matter, the Court should not pre-judge the merits of defendants' motion in deciding whether to stay or limit discovery. *See Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *3; *Nat'l Police Ass'n v. Gannett Co.*, No. 21 C 1116, 2021 U.S. Dist. LEXIS 224410, at *7 (S.D. Ind. Oct. 25, 2021). Moreover,

---

[1] The parties agree that depositions should not proceed until the Court resolves defendants' motion to dismiss. *See* Exhibit A.

plaintiffs' assertion is simply not true. The legal issues now before the Court are different because the State's regulatory landscape is different. In their initial complaint, plaintiffs listed twelve specific regulations that they alleged the State could impose on gun dealers. But since then, the State and ISP have not only adopted the kinds of rules that plaintiffs sought, but also reformed the FOID system, created the Office of Firearm Violence Prevention, appointed a Statewide Firearm Enforcement Coordinator, and pledged additional funding to address gun violence. *See* Dkt. No. 117 at 3-5, Dkt. No. 125 at 3-4. Plaintiffs' second amended complaint challenges *how* the State exercises its regulatory authority, rather than its alleged failure to regulate, and asserts a different legal claim (under the Rehabilitation Act, rather than the ADA) that is subject to a different causation standard. *See* Dkt. No. 125 at 8-9.

Much has changed since plaintiffs filed their original complaint. Defendants' motion to dismiss raises serious legal issues, including a threshold standing issue, that should be decided before the parties engage in extensive discovery.

## Conclusion

For the foregoing reasons, this Court should deny plaintiffs' request to commence open-ended discovery while defendants' motion to dismiss remains pending. The Court should either stay discovery entirely or direct the parties to develop a plan for targeted document discovery pending resolution of defendants' motion to dismiss.

Dated: March 25, 2022

R. Douglas Rees
Sarah Hunger
Eileen E. Boyle Perich
Office of the Illinois Attorney General
100 W. Randolph Street
Chicago, Illinois 60601

Respectfully submitted,

KWAME RAOUL
Illinois Attorney General

By: /s/ *Michael T. Dierkes*
Michael T. Dierkes
Office of the Illinois Attorney General
100 W. Randolph Street, 12th Floor
Chicago, Illinois 60601
(312)814-3672
*michael.dierkes@ilag.gov*

5