IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Demetria Powell, as guardian *ad litem* and on behalf of her son D.P., et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 18-cv-6675 |
| v. | ) ) | Judge Joan B. Gottschall |
| The State of Illinois, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER

The parties completed briefing defendants' motion to dismiss plaintiffs' second amended complaint on February 18, 2022. *See* ECF No. 125. By email on March 2–4, 2022, the parties' lawyers discussed commencing written discovery while the motion to dismiss was pending, but they could not agree on the scope of discovery. *See* Resp. Ex. A, ECF No. 128-1. Plaintiffs have filed a motion to allow discovery in which they essentially argue the merits of their position opposing the motion to dismiss and urge the court to authorize "real discovery" due to the substantial stakes at issue in this case. Reply 1, ECF No. 129. Defendants respond that they are "open to proceeding with some targeted document discovery while their motion to dismiss is pending. But if plaintiffs wish to commence open-ended discovery, including costly and time-consuming ESI searches, even before this Court decides defendants' motion to dismiss, then their request should be denied." Resp. 1, ECF No. 128.

Plaintiffs proceed from the incorrect premise that discovery is stayed. "The filing of a motion to dismiss does not automatically stay discovery." *Rodriguez v. Ford Motor Co.*, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022) (citing *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1998)); *see also Cooper v. Asset Acceptance, LLC*, 532 F. App'x

639, 640 (7th Cir. 2013). To decide whether to stay discovery pending a motion to dismiss, the court considers "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (2) whether a stay will simplify the issues in question and streamline the trial, and (3) whether a stay will reduce the burden of litigation on the parties and on the court." *Rodriguez*, 2022 WL 704780, at *1 (internal quotations omitted) (quoting *Sadler v. Retail Props.*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013)). A discovery stay is often "appropriate where the motion to dismiss can resolve the case—at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (citations omitted).

      Neither side discusses the stay factors. And the briefing that has been submitted does not give the court enough information to analyze them meaningfully. The parties do not discuss prejudice or how, if at all, a stay would tactically disadvantage a party. Defendants obviously consider the costs of discovery of electronically stored information to be unwarranted, but the court has no idea what those costs are likely to be. Despite seeking dismissal of the complaint in its entirety on standing rounds and on the merits, defendants represent to the court that they are open to staged or limited discovery. Resp. 1. Plaintiffs seem to want no limits. But the court has not been told what specifically plaintiffs are proposing and therefore cannot evaluate whether the proposal is proportionate to the needs of the case. *See* Fed. R. Civ. P. 26(a)(1). Defendants' proposal for staged discovery similarly lacks specificity, though that could be because plaintiffs' proposal is vague.

      Because the pendency of the motion to dismiss does not automatically stay discovery, plaintiffs' motion for leave to conduct discovery is denied as unnecessary. The Federal Rule of Civil Procedure 26(f) process for conferring and proposing a discovery plan is in part intended to

clarify and refine the parties' positions on the scope and timing of discovery. Since defendants have indicated that they are willing to engage in some limited discovery, the court sets a deadline of April 25, 2022, for the parties to file a Rule 26(f) discovery plan (competing plans if necessary) and a proposed Rule 16 scheduling order. However, the setting of a deadline to file a discovery plan should not be taken as implying any view on whether discovery should be stayed or on the proper scope of discovery. Defendants remain free to move for a stay of discovery. Finally, counsel are advised that the court will make every effort to rule promptly on the motion to dismiss.

Dated: April 5, 2022 /s/
Joan B. Gottschall
United States District Judge