IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEMETRIA POWELL, as guardian ad litem and on behalf of her son D.P., et al., <br><br> Plaintiffs, <br><br> v. <br><br> THE STATE OF ILLINOIS, et al., <br><br> Defendants. | No. 18-cv-6675 <br><br> Hon. Joan B. Gottschall |

**DEFENDANTS' MOTION TO STAY DISCOVERY
PENDING A RULING ON THEIR MOTION TO DISMISS**

### Introduction

Plaintiffs have filed a putative class action on behalf of "tens of thousands" of children, in which they broadly challenge the Illinois State Police's response to gun violence in Illinois. Plaintiffs' claims are novel and untested, and defendants have filed a motion to dismiss, which is fully briefed and raises a threshold issue of standing. Plaintiffs responded to the motion without claiming any need for discovery. If the motion is granted, it will dispose of the entire case. Under these circumstances, the Court should stay discovery pending a ruling on defendants' motion. Courts routinely stay discovery in cases, like this one, where a potentially dispositive motion to dismiss raises a standing issue.

### Argument

Federal Rule of Civil Procedure 26 gives courts "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *See* Fed. R. Civ. P. 26(c), (d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). Stays of discovery pending a ruling on a motion to dismiss are "granted with substantial frequency." *Bilal v. Wolf*, No. 06 C 6978, 2007 U.S. Dist. LEXIS 41983,

at \*3–4 (N.D. Ill. Jun. 6, 2007). Such stays are "not disfavored and are often appropriate where the motion to dismiss can resolve the case—at least as to the moving party." *Id.* In deciding whether to stay discovery, courts consider whether a stay will: (1) "simplify the issues in question and streamline the trial," (2) "unduly prejudice or tactically disadvantage the non-moving party," and (3) "reduce the burden of litigation on the parties and on the court." *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 U.S. Dist. LEXIS 41641, at \*4 (N.D. Ill. Mar. 9, 2022). Here, all three factors support a stay of discovery.

1. **Simplification of the Issues**

The first factor, which considers whether a stay will simplify the issues, weighs heavily in favor of staying discovery. Stays are "often appropriate" where a motion to dismiss can resolve the entire case, where the defendant has raised an immunity defense, or where the issue presented by the motion is a threshold one, such as jurisdiction or standing. *See Bilal*, 2007 U.S. Dist. LEXIS 41983, at \*4. "[T]he fact that the issues raised could potentially be dispositive weighs in favor of staying discovery." *Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at \*4; *see also Sadler v. Retail Props. of Am.*, No. 12 C 5882, 2013 U.S. Dist. LEXIS 206557, at \*8 (N.D. Ill. Sept. 27, 2013) (staying discovery because defendants filed motions to dismiss that were "potentially dispositive" and "not frivolous").

Defendants' motion to dismiss is not only potentially dispositive, but it also raises a serious threshold Article III standing issue. In these circumstances, a stay is particularly appropriate. *See, e.g., In re Clearview Ai*, No. 21 C 135, 2021 U.S. Dist. LEXIS 238261, at \*7 (N.D. Ill. Aug. 31, 2021) ("In light of that potentially-dispositive standing argument, the Court finds that a temporary stay of discovery as to Macy's is warranted."); *Sparger-Withers v. Taylor*, No. 21-cv-2824, 2022 U.S. Dist. LEXIS 73039, at \*7 (S.D. Ind. Apr. 21, 2022) ("The defect cited in the motion to

2

dismiss, lack of standing, is a 'threshold' issue that justifies granting a stay in this instance."); *Nexstar Broad., Inc. v. Granite Broad. Corp.*, No. 11 C 249, 2011 U.S. Dist. LEXIS 105056, at *8–9 (N.D. Ind. Sept. 15, 2011) (staying discovery where motion to dismiss was potentially dispositive and raised standing issue).

Plaintiffs have said that discovery should proceed now because the Court denied defendants' prior motion to dismiss, which included a standing argument. *See* Dkt. 126 at 1. But the Court should not pre-judge the merits of defendants' pending motion in deciding whether to stay discovery. *See Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *3 (noting that a potentially dispositive motion weighs in favor of staying discovery "without taking any position as to the merits of [defendant's] arguments for dismissal"); *Nat'l Police Ass'n v. Gannett Co.*, No. 21 C 1116, 2021 U.S. Dist. LEXIS 224410, at *7–8 (S.D. Ind. Oct. 25, 2021) (declining to "engage in any summary review of the motion to dismiss").

Moreover, the legal issues now before the Court are different because the State's regulatory landscape is different. In their initial complaint, plaintiffs listed twelve specific regulations that they alleged the State could impose on gun dealers. But since then, the State and ISP have not only adopted the kinds of rules that plaintiffs sought, but also reformed the FOID system, created the Office of Firearm Violence Prevention, appointed a Statewide Firearm Enforcement Coordinator, and pledged additional funding to address gun violence. *See* Dkt. 117 at 3–5, Dkt. 125 at 3–4. Plaintiffs' second amended complaint challenges *how* the State exercises its regulatory authority, rather than its alleged failure to regulate, and asserts a different legal claim (under the Rehabilitation Act, rather than the ADA) that is subject to a different causation standard. *See* Dkt. 125 at 8–9.

3

In sum, the first consideration clearly supports a stay. Defendants' pending motion, which raises a threshold standing issue and additionally argues that plaintiffs have failed to state plausible claims under the Rehabilitation Act and Illinois Civil Rights Act, may not only simplify the issues, but could dispose of the entire case.

### 2. Undue Prejudice or Tactical Disadvantage

The second consideration also favors a stay, because plaintiffs cannot show they would suffer undue prejudice or tactical disadvantage while the Court considers defendants' motion to dismiss. Delay by itself "does not constitute undue prejudice." *See, e.g.*, *Black & Decker, Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 U.S. Dist. LEXIS 153795, at *6 (N.D. Ill. Oct. 1, 2013) (J. Gottschall); *see also Nat'l Police Ass'n*, 2021 U.S. Dist. LEXIS 224410, at *6 ("[W]hile a stay necessarily slows the progression of a case, a short delay on its own does not constitute undue prejudice."). Where, as here, a motion to dismiss raises a threshold standing issue that could dispose of the entire case, "a small delay in discovery while awaiting adjudication of the motion is reasonable" and "will not unduly prejudice any party." *In re Clearview Ai*, 2021 U.S. Dist. LEXIS 238261, at *7.

In this case, the Court has indicated that it "will make every effort to rule promptly on the motion to dismiss," Dkt. 131 at 3, which further confirms that a stay is warranted. "[T]he general prejudice of waiting for the Court to rule on the motion to dismiss, which it plans to do expeditiously, is not a reason to deny the stay." *Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *2; *see also Spencer Trask Software & Info. Servs. v. RPost Int'l*, 206 F.R.D. 367, 368 (S.D. N.Y. 2002) ("[T]he Court intends to decide the motion expeditiously and thus the stay will neither unnecessarily delay the action nor prejudice the plaintiffs thereby."); *NRA of Am. v. Cuomo*, No. 180-cv-566, 2020 U.S. Dist. LEXIS 234145, at *18 (N.D. N.Y. Dec. 14, 2020) ("Should the

4

District Judge deny the motions to dismiss and discovery moves forward, plaintiff's prejudice is minimal as the stay will very likely be brief.").

Plaintiffs' ability to litigate this case will not be compromised by a short stay of discovery. Defendants understand that they must preserve relevant evidence, and this case, which relates to the State's recent regulation of firearms dealers, does not raise any specific concerns about faded memories or lost documents. *See Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *2l; *Sadler*, 2013 U.S. Dist. LEXIS 206557, at *8 ("[G]ranting the stay will not unduly prejudice or tactically disadvantage the Plaintiffs because they may obtain the documents at a later date, if necessary and permissible."); *Nat'l Police Ass'n v. Gannett Co.*, 2021 U.S. Dist. LEXIS 224410, at *6 ("general assertions" that "memories may fade, and documents may be inadvertently destroyed" are "insufficient to justify a conclusion of undue prejudice").

While plaintiffs' lawsuit seeks to address the important issue of gun violence in Chicago, this does not establish undue prejudice, particularly where plaintiffs' standing to obtain injunctive relief is in dispute because their alleged injuries are neither "fairly traceable" to the State nor redressable by their requested relief. *See* Dkt. 117 at 7–14. In any event, plaintiffs are not seeking immediate relief, but rather additional long-term reforms (see Dkt. 113-1 at 33–35) that would take time to implement, even if plaintiffs survive dismissal and ultimately prevail on the merits. *See Rodriguez*, 2022 U.S. Dist. LEXIS 416641, at *2–3 (staying discovery pending motion to dismiss in putative class action where plaintiffs alleged that Ford trucks contained a "highly dangerous" defect but did not seek immediate injunctive relief). Viewed in context, a short delay of discovery pending a ruling on defendants' motion to dismiss will not unduly prejudice plaintiffs or cause them any tactical disadvantage.

5

### 3. Burden of Litigation on the Parties and the Court

Finally, the third factor, which considers the burden of litigation on the parties and the Court, also strongly supports a stay. This is a putative class action seeking to address a complex public policy issue. While defendants said earlier that they would consider proceeding with some targeted document discovery (not including e-mail searches) prior to a ruling on their motion to dismiss, plaintiffs rejected this potential compromise and insist on full discovery at this stage.[1] Plaintiffs intend to seek broad discovery on a range of topics, including ISP's policies with respect to enforcement of the Firearm Dealer License Certification Act, the Gun Trafficking Information Act, and the FOID Card Act; how those policies were developed; how they are implemented; and how effective they are at combatting gun violence, among other things. *See* Dkt. 132.

In other words, plaintiffs wish to delve into the development, implementation, and efficacy of the State's comprehensive regulatory regime for licensing and overseeing gun dealers. The far-reaching discovery that plaintiffs seek here easily supports a stay. "District courts have stayed discovery in a variety of complex cases." *Coss v. Playtex Prods., LLC*, No. 08 C 50222, 2009 U.S. Dist. LEXIS 42933, at *9 (N.D. Ill. May 21, 2009). This includes putative class actions, where discovery can be especially burdensome. *Rodriguez*, 2022 U.S. Dist. LEXIS 41641, at *4 ("Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling on a motion to dismiss."). Granting a stay here will ensure that defendants, who are state officials, are not forced to expend time and resources on discovery that will have been unnecessary if the Court dismisses the case. *See Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (noting that litigation "exacts heavy costs in terms of efficiency and

---

[1] The parties previously agreed that depositions should not proceed until the Court resolves defendants' motion to dismiss. *See* Dkt. 128 at 3 n.1, Dkt. 128-1 ("As stated we will hold off on depositions for the time being."). But since then, plaintiffs' counsel has indicated that plaintiffs wish to proceed with depositions as well as document discovery.

expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government").

The specter of ESI discovery also supports a stay here. Defendants' position is that extensive ESI discovery, including (for example) multiple-custodian e-mail searches, is neither necessary nor appropriate in this case, which does not assert a claim for intentional discrimination. *See* Dkt. 117 at 16, Dkt. 120 at 10–12, Dkt. 125 at 9. But to the extent that such discovery is permitted, it can be expensive (depending on volume, defendants could need to retain an outside vendor to store data and furnish licenses for document review software) and time consuming. *See, e.g., Tallentine v. Turner Corp.*, No. 07-cv-692, 2010 U.S. Dist. LEXIS 159847, at *11–12 (S.D. Ohio Sept. 21, 2010) ("the increasing amount of electronic information in the parties to litigation has caused discovery in some cases to become increasingly complex and expensive," with "the ESI-discovery-tail wagging the poor old merits-of-the-dispute dog"). At the very least, staying discovery until the Court rules on defendants' pending motion to dismiss will ensure that the parties and the Court avoid discovery disputes that will prove unnecessary if defendants' motion is granted. *See Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 359–60 (D. Md. 2008) (discussing costs of ESI and related motion practice).

## Conclusion

For these reasons, this Court should stay discovery in this case pending a ruling on defendants' fully briefed motion to dismiss, which is potentially dispositive and raises a threshold standing issue.

Dated: May 10, 2022                                Respectfully submitted,

                                                                              KWAME RAOUL
                                                                              Illinois Attorney General

                                                          By:    */s/ Michael T. Dierkes*
                                                                      Michael T. Dierkes

R. Douglas Rees                                    Office of the Illinois Attorney General
Sarah Hunger                                       100 W. Randolph Street, 12th Floor
Office of the Illinois Attorney General            Chicago, Illinois 60601
100 W. Randolph Street                             (312)814-3672
Chicago, Illinois 60601                            *michael.dierkes@ilag.gov*

8