IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SHANICE MATTHEWS, as guardian *ad*, *litem* and on behalf of her son D.W., | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | No. 18 CV 6675 |
| v. | ) | Judge Joan B. Gottschall |
| | ) | |
| The State of Illinois et al., | ) ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE OPPOSING**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

The reasons for allowing discovery are straightforward.

1. The case was filed in 2018, and no discovery has been taken.

2. The current motion to dismiss, at least on the threshold issues of standing, is an effective refiling of a legal argument that this Court previously denied. *Powell et al. v. State of Illinois,* 2019 U.S. Dist. LEXIS 168209 (N.D. Ill. Sep. 30, 2019) (Dkt. 37). This Court also denied a motion to reconsider its ruling. Dkt. 62. This is the third try, for the same threshold issues of standing and justiciability. The sole variation to this latest motion to dismiss is an argument that there is insufficient evidence of discriminatory intent for liability under Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as compared to liability under Title II of the Americans with Disabilities Act. Even if this were so in any meaningful way, the current motion to dismiss under Rule 12(b)(6), F.R.Civ.P., would still raise factual or evidentiary issues of the kind for which discovery is intended. But since the claim here is denial of a reasonable accommodation, an obligation under both laws—and equally ascertainable under both statutes, as

argued by plaintiff in opposing the latest motion to dismiss—there is no significant practical difference in this type of case between Section 504 and Title II of the Americans with Disabilities Act. At any rate, the matter is discussed in the briefing, with the relevant authorities cited, and it does not raise a threshold-type issue for which discovery might otherwise be stayed.

3. There is no prejudice to defendants from allowing this discovery, for it only seeks to determine whether and how the Illinois State Police (ISP) and other State defendants are carrying out their obligation to enforce Illinois state laws. To be sure, defendants have sought to ensure as little transparency as possible—or put another way, no one, even local law enforcement authorities, knows what, if anything, the ISP is really doing. Defendants claim, as a reason for withholding discovery, that "the regulatory landscape has changed." Yes, there are new laws on the books, especially the Firearm Dealer Licensing Certification Act, 430 ILCS 68/5-60, but the defendants are not training dealers in any serious way so as to follow practices intended to stop straw purchasing or illegal racketeering or to hold dealers accountable. Defendants have failed to require dealers to uphold responsible business practices to stop straw sales even though these sales violate criminal laws. Since the filing of this case, the General Assembly has enacted the Fix the FOID Act, which is supposed to increase collection of illegal guns, but no meaningful reduction has taken place. In violation of the Illinois Gun Trafficking Information Act, 5 ILCS 830/10, defendants have for years failed to collect gun trace data or seek patterns of straw purchasing, presumably because they do not intend to do anything about it. Defendants act as though the lives of the Black children in the plaintiff class are cheap, and defendants privilege the interests of dealers, primarily white gun owners, and gun owner groups. Defendants do not take seriously the harm to these children, the impairment they suffer, nor, in the case of the ISP, do they make any inquiry or take any meaningful account of that harm.

Defendants say that the plaintiff class will not be prejudiced by delay—presumably because exposure to gun violence has gone on for years, and the children will be no worse off if it goes on.

Finally, under the Illinois Gun Trafficking Information Act, 5 ILCS 830/10-5, defendants are supposed to "use all reasonable efforts in making publicly available, on a regular and ongoing basis, key information related to firearms used in the commission of crimes in this State." Defendants, of course, ignore this obligation. The ISP has no interest in providing information as to what it may be doing.

## Conclusion

Plaintiff has already stated a claim for relief, at least on the threshold issues. That has been the law of the case since 2019. There is no basis for continuing to stay discovery.

Respectfully submitted,

Dated: May 25, 2022

By: /s/ Thomas H. Geoghegan
One of Plaintiffs' Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Willem Bloom
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
admin@dsgchicago.com

Kelly Nicole Sampson (*pro hac vice* forthcoming)
Shira Lauren Feldman (*pro hac vice* forthcoming)
Brady Center to Prevent Gun Violence
840 First Street NE, Suite 400
Washington, DC 20002
(202) 370-8100
ksampson@bradyunited.org
sfeldman@bradyunited.org