IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANICE MATTHEWS, as guardian ad litem and on behalf of her son D.W., <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF ILLINOIS, et al., <br><br> Defendants. | No. 18-cv-6675 <br><br> Hon. Joan B. Gottschall |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO STAY DISCOVERY
PENDING A RULING ON THEIR MOTION TO DISMISS**

**Introduction**

This Court should stay discovery pending a ruling on defendants' motion to dismiss. There are three factors to consider, all of which support a stay: (1) a stay will simplify the issues because defendants' motion to dismiss may dispose of the entire case and raises a threshold Article III standing issue; (2) plaintiff cannot show that a short stay will cause her undue prejudice or any tactical disadvantage, as the Court intends to rule promptly on the motion to dismiss and defendants understand their obligation to preserve relevant evidence; and (3) a stay will reduce the burden of litigation on the parties and the Court because plaintiff seeks far reaching discovery. In her response, plaintiff largely ignores the factors for staying discovery, and does not address defendants' case law at all. Plaintiff invites the Court to pre-judge the merits of the pending motion to dismiss, despite multiple cases holding that this is improper. Her response includes unsupported assertions (irrelevant to the motion for a stay) about ISP's practices and baseless and inflammatory accusations of racism, but it does not rebut defendants' points. Defendants' motion to stay discovery should be granted.

**Argument**

Plaintiff does not meaningfully address defendants' arguments in support of a stay, effectively conceding that a stay is appropriate here. First, plaintiff does not and cannot dispute that a stay of discovery pending a ruling on defendants' potentially dispositive motion to dismiss will simplify the issues. Multiple cases confirm as much. (Dkt 134 at 2-3.) Second, plaintiff does not establish that a short stay will cause her undue prejudice or a tactical disadvantage. On this point, plaintiffs' response includes a single sentence ("Defendants say that the plaintiff class will not be prejudiced by delay—presumably because exposure to gun violence has gone on for years, and the children will be no worse off if it goes on," see Dkt. 135 at 3) that grossly mischaracterizes defendants' position. As defendants explained in their motion, gun violence in Chicago is an important issue, but a short stay to allow the Court to rule will not unduly prejudice plaintiff given the threshold standing issue and the fact that plaintiff is not seeking immediate relief, but rather long-term reforms that would take time to implement. (Dkt. 134 at 4-5.) Third, and finally, plaintiff does not dispute that she intends to seek far reaching discovery regarding the development, implementation, and efficacy of the State's comprehensive regulatory regime for licensing and overseeing gun dealers, thus confirming that a stay would reduce the burden of litigation on the parties and the Court. (*Id.* at 6-7.)

Plaintiff primarily argues that the Court should not stay discovery because defendants' standing argument is an "effective refiling" of the argument in their prior motion to dismiss, which the Court denied. (Dkt. 140 at 1-2.) But plaintiff does not dispute that the State's regulatory landscape has changed dramatically since this lawsuit was filed (Dkt. 134 at 3), and thus the legal issues are different now. Moreover, courts should not pre-judge the merits of a motion to dismiss in deciding whether to stay discovery. (*Id.* at 3, citing *Rodriguez v. Ford Motor Co.*, No. 21 C

2

2553, 2022 U.S. LEXIS 41641, at *4 (N.D. Ill. Mar. 9, 2022), *Nat'l Police Ass'n v. Gannett Co.*, No. 21 C 1116, 2021 U.S Dist. LEXIS 224410, at *7-8 (S.D. Ind. Oct. 25, 2021).). Plaintiff ignores this line of authority, as well as the Court's earlier observation that plaintiff's "motion to allow discovery" "effectively argue[d] the merits of [her] position opposing the motion to dismiss" rather than discussing the factors for staying discovery. (Dkt. 131 at 1, 2.) Plaintiff's response repeats the same mistake.

The remainder of plaintiff's response is similarly misguided. Much of the response consists of unsupported assertions regarding ISP's enforcement efforts (Dkt. 140 at 2-3), none of which are relevant to the motion to stay discovery. But one particularly inflammatory accusation warrants a response. Plaintiff claims that defendants "act as though the lives of the Black children in the plaintiff class are cheap," that they "do not take seriously the harm to these children," and that they "privilege the interests of dealers, primarily white gun owns, and gun owner groups." (Dkt. 140 at 2.) Nothing could be further from the truth. The State and ISP have taken extensive measures to combat gun violence in Chicago (Dkt. 117 at 3-5, Dkt. 125 at 3-4), and plaintiff's accusation is contradicted by statements of the president of Brady, the organization that employs two of plaintiffs' attorneys participating in this case (Dkt. 140 at 3, signature block).

Just a few weeks ago, on May 18, 2022, Governor Pritzker signed additional gun control legislation (H.B. 4383) banning the sale and possession of "ghost guns" in Illinois. Brady's president, Kris Brown, commended the State's efforts, stating: "Illinois continues to lead the Midwest in substantive gun violence prevention solutions, this historic law banning ghost guns is just the latest example." (Exhibit A.) She added that "[t]he State's commitment to preventing gun violence that affects all Illinois residents, and Black and Brown residents especially, is an example for the region and the country." (*Id.*)

3

**Conclusion**

For these reasons and those in defendants' motion (Dkt. 134), this Court should stay discovery pending a ruling on defendants' motion to dismiss.

Dated: June 1, 2022

                                      Respectfully submitted,

                                      KWAME RAOUL
                                      Illinois Attorney General

| | | |
|---|---|---|
| R. Douglas Rees | By: | */s/ Michael T. Dierkes* |
| Sarah Hunger | | Michael T. Dierkes |
| Office of the Illinois Attorney General | | Office of the Illinois Attorney General |
| 100 W. Randolph Street | | 100 W. Randolph Street, 12th Floor |
| Chicago, Illinois 60601 | | Chicago, Illinois 60601 |
| | | (312)814-3672 |
| | | *michael.dierkes@ilag.gov* |