IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shanice Mathews as guardian ad litem on behalf of her son, D.W. as well as on behalf of a class of similarly situated children, | )<br>)<br>)<br>) |
| | ) Case No. 18-cv-6675 |
| Plaintiff, | )<br>) Judge Joan B. Gottschall |
| v. | )<br>) |
| The State of Illinois, et al., | )<br>) |
| Defendants. | )<br>) |

## ORDER

Plaintiff's renewed motion for class certification, ECF No. 143, is denied without prejudice because plaintiff does not address how the proposed class definition satisfies the Seventh Circuit's law on the vagueness of a class definition (also sometimes called ascertainability). *See generally Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659–61 (7th Cir. 2015). Plaintiff proposes the following class definition: "All African-American children under the age of eighteen who live or lived in the City of Chicago and are: 1) disabled under the terms of the ADA on account of their exposure to gun violence; or 2) at risk of becoming disabled by their exposure to gun violence." Third Am. Compl. ¶ 20, ECF No. 139.

"To avoid vagueness, class definitions generally need to identify a particular group, harmed during a particular time frame, in a particular location, in a particular way." *Mullins*, 795 F.3d at 660 (citing Joseph M. McLaughlin, *McLaughlin on Class Actions* § 4:2 (11th ed. 2014); other citations omitted). Plaintiff's proposed class definition does not specify a timeframe and can be read as including any African American child who has ever lived in Chicago. More importantly, the court cannot determine what objective criteria plaintiff proposes to use to

identify class members, particularly those "at risk of becoming disabled," for purposes of, e.g., sending notice to the class. "Vagueness is a problem because a court needs to be able to identify who will receive notice, who will share in any recovery, and who will be bound by a judgment." *Mullins*, 795 F.3d at 660 (citation omitted); *see also Jamie S. v. Milwaukee Pub. Sch.*, 668 F.3d 481, 495 (7th Cir. 2012).

  Plaintiff may refile her motion for class certification, if she wishes, on or before June 24, 2022. Any refiled motion for class certification must explain why the proposed class definition complies with Seventh Circuit law on the specificity of a class definition. Plaintiff must also seek leave under Local Rule 7.1 to file a memorandum of law consisting of more than 15 pages. As Local Rule 7.1 requires, any memorandum consisting of more than 15 pages must include a table of contents and table of authorities.

Dated: June 10, 2022             /s/
                         Joan B. Gottschall
                         United States District Judge