IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Shanice Mathews as guardian ad litem on behalf of her son, D.W. as well as on behalf of a class of similarly situated children, | ) ) ) ) ) | |
| | ) | Case No. 18-cv-6675 |
| Plaintiff, | ) ) | Judge Joan B. Gottschall |
| v. | ) ) ) | |
| The State of Illinois, et al., | ) ) | |
| Defendants. | ) | |

### ORDER

Defendants move to stay discovery pending the court's ruling on their motion to dismiss the third amended complaint for lack of Article III standing and for failure to state a claim upon which relief can be granted. "[T]here is no requirement that the discovery cease during the pendency of a motion to dismiss unless the court has ordered a stay . . . ." *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988) (quoting *Corcoran Partners, Ltd. v. SK Hand Tool Corp.*, 1987 WL 20413, at *2 (N.D. Ill. Nov. 24, 1987)).

The court's discretionary power to supervise discovery includes the power to issue a stay. *See* Fed. R. Civ. P. 26(b)–(d); *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998). When determining whether a stay pending a motion to dismiss is appropriate, courts consider (1) the grounds raised in the motion to dismiss and (2) the nature of the discovery requested. *See Hayes v. Bd. of Educ. for City of Chi.*, 2021 WL 8153761, at *1 (N.D. Ill. Dec. 22, 2021). The following factors may be considered: "(1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Id.* A stay of discovery is often appropriate

upon a showing that "the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where . . . discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) (citations omitted).

Defendants assert that their pending motion to dismiss raises a potentially dispositive threshold standing issue. *See* Mot. to Stay 2–4, ECF No. 134. Plaintiff[1] does not disagree but argues, in essence, that defendants' standing arguments are insubstantial, representing a "refiling" of arguments this court rejected when it denied defendants' motion to dismiss the first amended complaint. *See* Resp. 1, ECF No. 140. But plaintiff concedes, as she must, that "the regulatory landscape has changed" since this court denied defendants' motion to dismiss the first amended complaint, though she contends that enforcement remains inadequate. Resp. 2. Because defendants raise a nonfrivolous argument that these regulatory changes require the court to take a fresh look at plaintiff's standing, *see* ECF No. 134 at 3, the court finds that the motion to dismiss the third amended complaint raises a potentially dispositive threshold issue that may obviate the need for discovery. Furthermore, if favorable to plaintiff, the court's ruling on the motion to dismiss will likely focus the issues for discovery. The court therefore finds that a stay is likely to simplify the issues.

Plaintiff provides no specifics on the discovery she proposes to take. *See* Resp. 2. She does not dispute defendants' representations that she is proposing "far-reaching discovery"

---

1 For simplicity's sake, this order refers to the singular plaintiff named in the third amended complaint, although the prior complaints named multiple plaintiffs. On May 20, 2022, the third amended complaint was filed without opposition. ECF No. 139. The third amended complaint dropped former plaintiff Demetria Powell, leaving Shanice Mathews as the sole named plaintiff. *Id.* at 1. The parties spell Mathews's name with two 't's in their briefing. *E.g.*, ECF No. 140 at 1; ECF No. 141 at 1. The court employs the spelling in the third amended complaint here without implying any finding on the correct spelling of plaintiff's name.

concerning Illinois state officials' policies and practices relating to enforcement of firearms laws. *See* Mot. to Stay 6.  Such discovery would obviously be costly to defendants and may not be necessary if the court grants defendants' motion to dismiss the third amended complaint.  Defendants will therefore be prejudiced and burdened absent a stay.

Plaintiff counters that members of the proposed class are being prejudiced by continued delays in this litigation; and that defendants will not be prejudiced by discovery intended "to determine whether and how the Illinois State Police (ISP) and other State defendants are carrying out their obligation to enforce Illinois state laws." *See* Resp. 2–3.  This argument has some weight, but it is partially belied by plaintiff's recent conduct.  On June 9, 2022, she filed a motion (since denied without prejudice on other grounds) for class certification based on her third amended complaint and exhibits to it.  ECF No. 143.  Plaintiff does not request any discovery in order to pursue her arguments for class certification.  Accordingly, and in the absence of a specific description of the discovery plaintiff is seeking, the court finds that the balance of prejudice and burdens tilts in favor of a stay.

Finally, plaintiff observes that this case has been pending for nearly four years without any discovery being taken.  Resp. 1.  That is true, but the bulk of the delay is attributable to the parties' protracted mediation efforts in the Seventh Circuit after defendants took an interlocutory appeal of the order denying their motion to dismiss the original complaint.  Plaintiff did not request discovery before the court issued that order, and all parties effectively agreed to a stay in this court while mediation was ongoing for approximately two years.  *See*, *e.g.*, Status Reports, ECF Nos. 76, 80, 82, 84, 86, 88, 92.  Without opposition from defendants, plaintiff amended her complaint in July 2021.  First Am. Compl., ECF No. 97.  After obtaining extensions of their deadline to respond to the first amended complaint (due in part to settlement discussions),

3

defendants moved to dismiss the first amended complaint on October 13, 2021. ECF No. 105. The parties subsequently agreed (ECF No. 113) to permit plaintiff to file a second amended complaint (filed November 24, 2021, ECF No. 115), and the court entered their agreed briefing schedule, ECF No. 114. The motion to dismiss was fully briefed on February 18, 2022. ECF No. 125. However, defendants recently advised the court of new state legislation they believe is relevant to the motion to dismiss, ECF No. 142, and supplemental briefing regarding that legislation is ongoing, *see* ECF No. 146. Given these unique circumstances, the length of time this case has been pending does not outweigh the other factors militating against allowing discovery.

      Accordingly, and for the reasons stated, defendants' motion to stay discovery is granted.

Dated: June 10, 2022                                /s/
                                                                                Joan B. Gottschall
                                                                                United States District Judge