IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANIECE MATHEWS, as guardian *ad litem* and on behalf of her son D. W. et al., ) ) ) Plaintiff, ) ) ) v. ) ) The State of Illinois et al., ) ) Defendants. ) | Case No. 18-cv-6675 The Honorable Judge Joan B. Gottschall |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' FILING
OF PRESS RELEASE AS TO STATE BAN ON "GHOST GUNS"**

Illinois's ban on the sale and possession of ghost guns—though laudable—has nothing to do with the claims in the Third Amended Complaint (T.A.C.). The chart attached as Exhibit A shows that ghost guns account for only a small fraction of the illegal guns and gun violence in Chicago.

Presumably, Defendants submitted the press release to show that Illinois has progressive gun control laws. But in this action under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Illinois Civil Rights Act, 740 ILCS 23/5(a)(2), Plaintiff is bringing no complaint about *the laws* enacted by the General Assembly, much less seeking *enactment* of laws. Rather, in both Counts, and specifically in paragraphs 51 through 78 of the T.A.C., Plaintiff alleges that Defendant Illinois State Police (ISP) and the other defendant state actors have failed to meaningfully enforce the laws that already exist. Illinois has good laws. Under the theory of the T.A.C., the plaintiff class suffers because those laws are not enforced. The increase in the statutory authority of the ISP makes the cursory enforcement of Illinois law more egregious.

1

The proposed plaintiff class is exposed to violence from crime guns that come overwhelmingly from licensed Illinois firearm dealers. Under the Firearm Dealer License Certification Act, 430 ILCS § 68/5-1, *et seq.*, the ISP has the authority to train these dealers and hold them accountable for selling to those whom they know or should know to be straw purchasers. Meaningful enforcement of this law alone would significantly reduce the gun violence from which the proposed plaintiff class suffers, but Defendants refuse to use their authority to accommodate the needs of the plaintiff class. So too for the ISP's long-running failure to perform its obligations under the Firearm Owners Identification Card Act (FOID Act), 430 ILCS § 65/1, *et seq*.

The failure of the ISP to enforce the two statutes above allows continuation of the violence and increases the gun industry's sales and profits. Plaintiff seeks injunctive relief for an additional and necessary change in the regulatory landscape, namely, the meaningful use of ISP's authority to limit illegal gun trafficking and thereby provide a reasonable accommodation to the proposed plaintiff class.

Respectfully submitted,

Dated: June 24, 2022                           By: /s/ *Thomas H. Geoghegan*
                                                   One of Plaintiff's Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Willem Bloom
**Despres, Schwartz & Geoghegan, Ltd.**
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
admin@dsgchicago.com

Kelly Nicole Sampson (*pro hac vice* forthcoming)
Shira Lauren Feldman
**Brady Center to Prevent Gun Violence**
840 First Street NE, Suite 400
Washington, DC 20002

(202) 370-8100
ksampson@bradyunited.org
sfeldman@bradyunited.org

Attorneys for the Plaintiff