IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANIECE MATHEWS, as guardian *ad litem* and on behalf of her son D.W. et al., ) ) ) ) Plaintiff, ) ) ) Case No. 18-cv-6675 v. ) ) ) The Honorable The State of Illinois et al., ) Judge Joan B. Gottschall ) Defendants. ) | |

## PLAINTIFF'S PROPOSED CLASS DEFINITION

Pursuant to this Court's June 28, 2022, Minute Order (Dkt. 153), Plaintiff Mathews proposes the following concise class definitions for Counts I and II, respectively.

For Count I, the proposed class definition is as follows:

All individuals under age 18 who:

a. are mentally disabled, within the meaning of the 42 U.S.C. § 12102, from exposure to gun-related community violence;

b. currently live in one or more of the 15 Chicago community areas that have been and are now the highest in gun-related crimes as determined by the City of Chicago during the period since the filing of this action, namely: Austin, North Lawndale, West Englewood, Auburn Gresham, Englewood, South Shore, Grand Crossing, Roseland, Humboldt Park, West Garfield Park, Chatham, Chicago Lawn, New City, West Pullman, and East Garfield Park; and

c. are currently being denied a reasonable accommodation to their needs as disabled individuals by Defendants by the failure of Defendants to use their full regulatory

1

authority to enforce the Firearm Dealer License Certification Act, the Firearm Owner Identification Card Act, and the Illinois Gun Trafficking Information Act, to reduce the gun related violence in the communities where the class members live.

For Count II, the proposed class definition is as follows:

All individuals under age 18 who:

a. are Black;

b. currently live in one or more of the 15 Chicago community areas that have been and are now the highest in gun-related crime as defined by the City of Chicago, namely: Austin, North Lawndale, West Englewood, Auburn Gresham, Englewood, South Shore, Grand Crossing, Roseland, Humboldt Park, West Garfield Park, Chatham, Chicago Lawn, New City, West Pullman, and East Garfield Park; and

c. are currently being discriminated against because of their race by the failure of Defendants to use their full regulatory authority under the Firearm Dealer License Certificate Act, the Firearm Owner Identification Card Act, and Illinois Gun Trafficking Information Act, to reduce the gun related violence in the communities where the class members live.

Since Plaintiff seeks only prospective injunctive relief (not retroactive relief) for individuals who meet the criteria of class membership and are suffering injury currently, the relevant time period is limited to current residence in the communities described above.

|  |  |
|---|---|
| | Respectfully submitted, |
| Dated: June 30, 2022 | By: /s/ *Thomas  H. Geoghegan*<br>One of Plaintiff's Attorneys |

Thomas H. Geoghegan
Michael P. Persoon
Willem Bloom
**Despres, Schwartz & Geoghegan, Ltd.**
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
admin@dsgchicago.com

Kelly Nicole Sampson (*pro hac vice* forthcoming)
Shira Lauren Feldman
**Brady Center to Prevent Gun Violence**
840 First Street NE, Suite 400
Washington, DC 20002
(202) 370-8100
ksampson@bradyunited.org
sfeldman@bradyunited.org

Attorneys for the Plaintiff