IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANIECE MATHEWS, as guardian *ad*, *litem* and on behalf of her son D. W. et al., ) ) ) | |
| Plaintiff, ) ) | |
| ) | Case No. 18-cv-6675 |
| v. ) ) | |
| ) | The Honorable |
| The State of Illinois et al., ) ) | Judge Joan B. Gottschall |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO SUPPLEMENT**

Plaintiff opposes the Defendants' Motion for Leave to Supplement. Neither of the cases cited by Defendants support judicial notice of a press release on a matter that does *not* involve an "adjudicative fact." Federal Rule of Evidence Rule 201(a) distinguishes judicial notice of an "adjudicative fact," which is proper, and a "legislative fact." Defendants are also mistaken in relying on *In re Herbal Supplements Mktg. & Sales Practices Litig.*, 2017 U.S. Dist. LEXIS 76207, at *17, n.3 (N.D. Ill. May 19, 2017). In that case, both parties made use of the same press release, and neither was objecting to use by the other party. Defendants are likewise mistaken in relying on *United States v. Dish Network, LLC*, 2015 U.S. Dist. LEXIS 169892, at 10 (C.D. Ill. Dec. 7, 2015). In that case, the court took judicial notice of court proceedings reported in that release. Here, Defendants use self-serving press release to inflate the importance of a new program called Crime Connect.

The press release also does not say what Defendants claim it does. The Defendants say that it refutes the allegation that the Defendants have failed to create a "statewide firearms trace system." But a *comprehensive* database does not exist. Nor does the press release say that a true

1

comprehensive database is now in place. Rather it says that "Crime Connect"—the new platform—allows local police departments to digitally access the existing database. This is a database to which some but not all local police departments contribute. According to the press release, the platform will help local police get data more quickly, rather than needing to ask for it via a written report. In the year 2022, this might seem to be a "no brainer. But, while helpful, a digital platform by itself is not a game changer, nor does it represent the creation of a single comprehensive statewide database for all crime guns recovered.

Nor is the ISP proposing to use this system to crack down on straw purchasing. The disturbing premise of this new program is that it is still up to local police departments—many of which are small and understaffed— to go after the end users. That confirms what the Third Amended Complaint alleges—that the Illinois State Police itself will make no effort to hold dealers accountable. The press release subtly suggests that straw sales by dealers are an out of state problem—but 40 percent or more of the crime guns come from dealers within the state.

As alleged in the Third Amended Complaint, and in violation of the Illinois Gun Trafficking Information Act, the Defendants have failed for years to produce and make public even a single report to determine patterns of straw purchasing. It is fair to say that this has the effect, if not the intent, of protecting Illinois dealers from public scrutiny. The local police departments have no authority to stop the dealers or to turn off the spigot of illegal guns coming into Chicago. Only Defendants can do so.

Finally, on the Rule 12(b)(6) motion to dismiss now pending, it is improper for the Defendants to ask for a finding on the merits that they are doing their best to enforce the laws. If that is the basis of the motion to dismiss, then Plaintiff is entitled to discovery. Such discovery would show how little Defendants are doing to enforce the three principal gun laws—the Firearm Dealer

License Certification Act, the Firearm Owner Identification Card (FOID) Act, and the Illinois Gun Trafficking Act. Recently, Illinois legislators heard testimony that approximately 19,000 persons *just in Cook County* still have the FOID cards and guns that Defendants should have collected. As Exhibit A, Plaintiff attaches the news accounts of the hearings in the Chicago Sun-Times and the Chicago Tribune. Plaintiff is not seeking judicial notice of any fact in these articles but to indicate what the evidence will show in support of their claim that Defendants have failed to enforce the State's principal gun laws.

## Conclusion

For all the above reasons, Plaintiff requests that this Court deny the motion to supplement.

Respectfully submitted,

Dated: August 15, 2022  By: /s/ *Thomas H. Geoghegan*
One of Plaintiff's Attorneys

Thomas H. Geoghegan
Michael P. Persoon
Willem Bloom
**Despres, Schwartz & Geoghegan, Ltd.**
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
admin@dsgchicago.com

Kelly Nicole Sampson (*pro hac vice* forthcoming)
Shira Lauren Feldman
**Brady Center to Prevent Gun Violence**
840 First Street NE, Suite 400
Washington, DC 20002
(202) 370-8100
ksampson@bradyunited.org
sfeldman@bradyunited.org

Attorneys for the Plaintiff