IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shanice Mathews, as guardian *ad litem* on behalf of her son, D.W., as well as on behalf of a class of similarly situated children, | )<br>)<br>)<br>) |
| | ) Case No. 18-cv-6675 |
| Plaintiff, | ) Judge Joan B. Gottschall |
| v. | ) |
| The State of Illinois, et al., | ) |
| Defendants. | ) |

## ORDER

In this proposed class action, plaintiff brings claims against the State of Illinois, the Illinois Department of State Police, and state officials under state law and the Rehabilitation Act, 29 U.S.C. § 794, generally challenging Illinois's alleged non- and under-enforcement of firearms laws intended to reduce illegal gun trafficking. *See* Third Am. Compl. ¶¶ 1–18, 104–11, ECF No. 139; *see also Powell v. Illinois*, 2019 WL 4750265, at *1–5 (N.D. Ill. Sept. 30, 2019) (summarizing prior iteration of the complaint), *reconsideration denied* 2019 WL 10349403 (Dec. 18, 2019). Defendants' motion to dismiss the third amended complaint has been fully briefed. ECF No. 116. Defendants move for leave to supplement their motion to dismiss with a press release from the Illinois Attorney General dated June 29, 2022, announcing Crime Gun Connect, an online database of crime guns intended for use by law enforcement agencies. *See* Press Release, ECF No. 156-1.

Rule 201(b) of the Federal Rules of Evidence permits a court to take judicial notice of adjudicative facts "that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources

whose accuracy cannot be questioned." *Ennenga v. Starns*, 677 F.3d 766, 773–74 (7th Cir. 2012) (citing *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997)). "Judicial notice [ ] merits the traditional caution it is given, and courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec.*, 128 F.3d at 1081.

Defendants argue that the press release is relevant to the pending motion to dismiss because "Plaintiff's third amended complaint alleges the absence of a 'state-wide firearms trace system.'" Mot. for Leave to Suppl. ¶ 3, ECF No. 156. Defendants effectively ask the court to find that Crime Gun Connect is such a system. *See id.* Plaintiff disagrees that such a finding is warranted. She responds that, "while helpful, a digital platform by itself is not a game changer, nor does it represent the creation of a single comprehensive statewide database for all crime guns recovered" for several reasons, including because, as alleged by plaintiff, "some but not all local police departments contribute" to the database. Resp. 2, ECF No. 160.

The press release dated June 29, 2022, states that the Crime Gun Connect database contains records from approximately 200 Illinois law enforcement agencies but does not specify which ones. *See* ECF No. 156-1. The press release provides no other information shedding light on the comprehensiveness of the data in Crime Gun Connect–the key issue contested by plaintiff. *See id.* Thus, while Crime Gun Connect's existence does not appear to be disputed, facts relevant to whether it is a comprehensive statewide firearms tracking system, as well as the appropriate inferences to be drawn from those facts, are the subject of a reasonable dispute. It would therefore be improper to take judicial notice of the press release to establish that Illinois has adopted a statewide firearms tracking system. *See Hennessy v. Penril Datacomm Networks,*

*Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995); *McGann Plumbing, Inc. v. Sullivan*, 2008 WL 161592, at *2–3 (N.D. Ill. Jan. 15, 2008).

Accordingly, defendants' motion to take judicial notice of the press release dated June 29, 2022, is denied. If defendants wish the court to consider the press release and convert their pending motion to dismiss the third amended complaint into a summary judgment motion, they must inform the court on or before September 7, 2022. *See* Fed. R. Civ. P. 12(d).

Dated: August 16, 2022                                /s/
                                                                    Joan B. Gottschall
                                                                    United States District Judge