**EXHIBIT A**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHANIECE MATHEWS as guardian *ad litem* on behalf of her son, D.W. as well as on behalf of a class of similarly situated children, <br><br> Plaintiff, <br><br> v. <br><br> THE STATE OF ILLINOIS; THE ILLINOIS DEPARTMENT OF STATE POLICE; J.B. PRITZKER, Governor of the State of Illinois; and BRENDAN KELLY, Director of the Illinois Department of State Police, <br><br> Defendants. | No. 18-cv-6675 <br><br> Judge Joan B. Gottschall |

**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION
TO THE MOTION TO DISMISS THE FOURTH AMENDED COMPLAINT**

1. Defendants' repeated reference to *United States v. Texas*, 599 U.S. 670 (2023) as creating absolute immunity from judicial review is misplaced when it comes to a routine administrative function like licensing. This case is not about prosecutorial discretion, such as whether to initiate a criminal proceeding, but the performance of that mandatory licensing function in disregard of the law. It is about whether there is authority to deny a license, a state law privilege, for a dealer's failure to have responsible business practices. Plaintiff's challenge is based on Defendants' claim that they have no authority to require responsible business practices as a condition of the license. Their claim that they have no choice but to license dealers is based on an impermissible interpretation of their authority under Illinois law, including the Firearm Dealer License Certification Act, 430 ILCS 68/5. From the filing of this case to the present, the Defendants have contended—and

1

have told Plaintiff in and out of court—that under Illinois law they cannot require dealers to follow responsible business practices and have no choice but to license them regardless of the business practices they follow. Defendants' claim is not that this is a matter of discretion, but that they have no authority to exercise, no ability to regulate. But that interpretation is wrong, and it is reviewable by this Court. If the ISP were a federal agency, Plaintiff would have a right to challenge such an interpretation under 5 U.S.C. § 706(1) if it results in "agency action wrongfully withheld." Similarly, all final decisions of the ISP under the Firearm Dealer Licensing Act are subject to judicial review under 430 ILCS 68/5-110. In this case, this failure even to exercise discretion is reviewable—and unlawful—under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 and Section 5(a)(2) Illinois Civil Rights Act, because this impermissible and wrong interpretation of ISP's authority to act has a discriminatory impact on the Plaintiff D.W. and the proposed Plaintiff class.

2. Defendants now admit that Illinois law, namely, the Firearm Industry Responsibility Act, *does* require dealers to use responsible business practices. Under 430 ILCS 5-85, Defendants can withhold a license renewal for "violations of… any law applicable to the sale or transfer of firearms." Defendants, however, do nothing to ascertain whether gun dealers actually employ or follow responsible business practices when they re-license them to sell firearms in Illinois because they continue to act as if they have no authority.

3. As Plaintiff has argued in prior filings in this Court, although Defendants reference training slides and a video that encourage gun dealers to act responsibly, it is known to both the ISP and gun dealers that all dealers need do is fill out an application form—which states that employees looked at the training materials—and pay their licensing fee, and the ISP will re-license them. In effect, Defendants choose to interpret their mandatory requirement to re-license gun dealers as requiring no more than recording the filing of a form and receipt of a fee before issuing a re-license

certification without any evidence that gun dealers, in fact, follow responsible business practices as dealers are required to do under Illinois law. As such, Defendants protect the dealers and allow the continued flood of guns abetting violent crime in Chicago.

4. Defendants claim that if D.W. and other children want to stop the problem dealers from engaging in straw purchasing, then it is up to D.W. and the children, and not the ISP, to stop them. Meanwhile, ISP keeps the problem dealers in business by re-licensing them with no questions asked.

5. At this stage, Plaintiff should be entitled to develop an evidentiary record as to what ISP knows about which problem dealers ISP is re-licensing and which problem dealers are funneling crime guns into the high crime neighborhoods where D.W. and the other children live, and others die from straw guns.

## CONCLUSION

For all the above reasons, under Section 504 and ICRA, Plaintiff D.W. seeks an order for the Defendants State and Illinois State Police to require dealers to document that they are following responsible business practices as a condition for the annual renewal of their licenses. This Court should deny the Defendants' Motion to Dismiss.

Dated: May 1, 2024

Respectfully submitted,

By: /s/ *Thomas H. Geoghegan*
One of Plaintiff's Attorneys

Shira Lauren Feldman
**Brady Center to Prevent Gun Violence**
840 First Street NE, Suite 400
Washington, DC 20002
(202) 370-8100
sfeldman@bradyunited.org

Thomas H. Geoghegan
**Despres, Schwartz & Geoghegan, Ltd.**
77 West Washington Street, Suite 711
Chicago, Illinois 60602
(312) 372-2511
tgeoghegan@dsgchicago.com

Patrick V. Dahlstrom
**Pomerantz LLP**
10 S. LaSalle St., Suite 3505

3

Chicago, IL 60603
(312) 377-1181
pdahlstrom@pomlaw.com

                              Attorneys for the Plaintiff